**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| THE UNITED CITY OF YORKVILLE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| OCEAN ATLANTIC SERVICE CORPORATION; AMERICAN SOUTHERN INSURANCE COMPANY; and OCEAN ATLANTIC/PFG WESTBURY, LLC | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

NOW COMES The United City of Yorkville (hereinafter referred to as "Plaintiff"), and complaining of the Defendants Ocean Atlantic Service Corporation (hereinafter referred to as "Principal"), Ocean Atlantic/PFG Westbury, LLC ("Related Principal") (collectively, the "Principals"), and American Southern Insurance Company (hereinafter referred to as "Surety"), states as follows:

1. The Plaintiff is an Illinois municipal corporation.

2. The Defendant Principal is a Florida corporation.

3. The Defendant Related Principal is a California limited liability company that owns property and does business in Illinois.

4. The Principals are two related corporations that engaged in the development of Westbury East Village in Yorkville, Illinois.

5. Upon information and belief, Surety is a surety company licensed to issue surety bonds in the State of Illinois, and having its main office located at 3715 Northside Parkway, Building 400, Suite 800, Atlanta, GA 30327.

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to the claim occurred in this judicial district.

## **COUNT I**

8. Plaintiff repeats and realleges the allegations contained in Paragraph 1-7 as set forth above.

9. Aurora Blacktop, Inc. ("Aurora") is a corporation organized and existing under the laws of the State of Illinois.

10. The Defendant Principals as principals and the Defendant Surety as surety issued and delivered to the Plaintiff a bond, numbered B98815015134, a copy of which is attached hereto as *Exhibit A*.

11. Bond B98815015134 covers improvements to Plaintiff's streets (the "Street Improvements").

12. Bond B98815015134 was issued by the Defendants and delivered to the Plaintiff to induce the Plaintiff to approve the subdivision known as Westbury East Village.

13. Among other things, Bond B98815015134 provides as follows:

It is agreed that the following shall be considered a default by our customer and shall entitle the City to make demand on this Subdivision Bond:
5. that the City of Yorkville has determined that the public improvements or other improvements covered by this commitment have or are likely to

        be the subject of liens or other claims by contractors, subcontractors, or third parties;

See *Exhibit A*.

14. On February 22, 2007, Aurora recorded a valid lien in Kendall County, as document no. 200700006393, against the Street Improvements in the amount of $555,335.90 for work and materials related to Plaintiff's streets. A copy of the recorded lien is attached hereto as *Exhibit B* and incorporated herein by reference.

15. On or about August 25, 2009, the Plaintiff, through its City Council, determined that the improvements covered by Bond B98815015134 have or are likely to be the subject of liens or other claims by contractors, subcontractors or third parties and instructed the City Clerk to call Bond B98815015134.

16. On or about August 28, 2009, Plaintiff, through its City Clerk, served a demand on Surety that Surety make the following payments under, among others, Bond B98815015134-Streets for $612,646.15. A true and correct copy of that demand is attached hereto as *Exhibit C*.

17. The language of Bond B98815015134 also entitles Plaintiff to reimbursement of attorney fees and court costs incurred in enforcing the Bond in accordance with its terms. See *Exhibit A*.

18. On June 17, 2009, the Principals acknowledged in writing that payment on Bond B98815015134 should be made and acknowledged its indebtedness thereunder. A copy of such written acknowledgment is attached hereto and made a part hereof as *Exhibit D*.

19. The City has determined that an event of default has occurred, and due demand has been made for payment of the amounts due on Bond B98815015134, but

even though the Defendant Principals have acknowledged such indebtedness, the Defendants Principals and Surety have neglected and failed to pay same.

20. Surety is in breach of its obligations under Bond B98815015134 by improperly refusing to pay on the demand of the City.

21. Pursuant to 815 ILCS 205/2, additional interest is due from August 28, 2009 on such amounts due on Bond B98815015134 at the rate of 5% per annum until judgment is entered.

22. By reason of the foregoing, Plaintiff is entitled to recover against the Defendants the sum of $555,335.90 principal, plus the statutory interest, attorneys' fees and costs as aforesaid.

WHEREFORE, The United City of Yorkville prays that judgment be entered in favor of Plaintiff and against the Principal, Related Principal, and Surety, in the sum of $555,335.90, plus the statutory interest, attorney's fees and costs.

## COUNT II

23. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-7 as set forth above.

24. Pirtano Construction Company ("Pirtano") is a corporation organized and existing under the laws of the State of Illinois.

25. The Defendant Principal as principal and the Defendant Surety as surety issued and delivered to the Plaintiff certain bonds numbered B98815015131, B90015015132, and B98815105133, copies of which are attached hereto and made a part hereof as *Exhibits E, F, and G*.

4

26. The improvements covered by such Bonds (collectively, the "Sanitary Improvements") are detailed as follows:

   a. Bond B98815015131-Sanitary Sewers;

   b. Bond B90015015132-Water Main; and

   c. Bond B98815105133-Storm Sewers.

27. Bonds B98815015131, B90015015132, and B98815105133 were issued by the Defendants and delivered to the Plaintiff to induce the Plaintiff to approve the subdivision known as Westbury East Village.

28. Bonds B98815015131, B90015015132, and B98815105133 each provide, among other things, as follows:

> It is agreed that the following shall be considered a default by our customer and shall entitled the City to make demand on this Subdivision Bond:
>
> 5. that the City of Yorkville has determined that the public improvements or other improvements covered by this commitment have or are likely to be the subject of liens or other claims by contractors, subcontractors, or third parties;

See *Exhibits, E, F, and G.*

29. On August 22, 2007, Pirtano recorded a valid lien in Kendall County, as document no. 200700025841, against the Sanitary Improvements in the amount of $1,234,401.11 for work and materials related to sanitary sewers, storm sewers and the water main. A copy of the recorded lien is attached hereto as *Exhibit H* and incorporated herein by reference.

30. On May 26, 2009, the Plaintiff, through its City Council, determined that the improvements covered by such bonds have or are likely to be the subject of liens or

5

other claims by contractors, subcontractors or third parties and instructed the City Clerk to call Bonds B98815015131, B90015015132, and B98815105133.

31. On May 28, 2009, Plaintiff, through its City Clerk, served a demand on Surety that Surety make the following payments under such Bonds:

    a. Bond B98815015131-Sanitary Sewers for $206,695.18

    b. Bond B90015015132-Water Main for $215,458.26

    c. Bond B98815105133-Storm Sewers for $341,197.59

Total amount: $763,350.97. A copy of that demand letter is attached hereto as *Exhibit I*.

32. The language of Bonds B98815015131, B90015015132, and B98815105133 also entitle Plaintiff to reimbursement of attorney fees and court costs incurred in enforcing the Bonds in accordance with their terms. See *Exhibits E, F, and G*.

33. On June 17, 2009, the Principal acknowledged in writing that payment on Bonds B98815015131, B90015015132, and B98815105133 should be made and acknowledged its indebtedness thereunder. See *Exhibit D*.

34. The City has determined that an event of default has occurred, and due demand has been made for payment of the amounts due on such bonds, but even though the Defendant Principals have acknowledged such indebtedness, the Defendants Principals and Surety have neglected and failed to pay same.

35. Surety is in breach of its obligations under Bonds B98815015131, B90015015132, and B98815105133 by improperly refusing to pay on the demand of the City.

36. Pursuant to 815 ILCS 205/2, additional interest is due from May 28, 2009 on such amounts due on Bonds B98815015131, B90015015132, and B98815105133 at the rate of 5% per annum until judgment is entered.

37. By reason of the foregoing, Plaintiff is entitled to recover against the Defendants the sum of $763,350.97 principal, plus the statutory interest, attorneys' fees and costs as aforesaid.

WHEREFORE, Plaintiff prays that judgment be entered in favor of Plaintiff and against the Principal, Related Principal, and Surety, in the sum of $763,350.97, plus the statutory interest, attorneys' fees and costs.

## COUNT III

38. Ryan Incorporated Central, Inc. ("Ryan") is a Wisconsin Corporation duly registered to do business in the State of Illinois.

39. Principal and Related Principal, as principals, and Surety as surety, issued and/or delivered to City certain bonds numbered B98815012754 and B98815015136 copies of which are attached hereto and made a part hereof as *Exhibits J and K* respectively.

40. Bonds B98815012754 and B98815015136 each covered specific improvements enumerated in an attachment to each Bond (hereinafter "Earthwork Improvements"). The Earthwork Improvements covered by each Bond are summarized as follows:

    a. Bond B98815012754-Mass Grading

    b. Bond B988151015136-Erosion Control

7

41. Bonds B98815012754 and B98815015136 were issued by Principal and Related Principal and delivered to City for one or more of the following reasons:

    a. To induce City to approve the subdivision development known as Westbury East Village;

    b. Pursuant to obligations set forth in agreement(s) entered into between Principal and City; and/or

    c. To protect the City and the Westbury East Village from mechanics liens.

42. Bonds B98815012754 and B98815015136 each provide, among other things, as follows:

> It is agreed that the following shall be considered a default by our customer and shall entitle the City to make demand on this Subdivision Bond:
>
> 5. that the City of Yorkville has determined that the public improvements or other improvements covered by this commitment have or are likely to be the subject of liens or other claims by contractors, subcontractors, or third parties;

See *Exhibits J and K*.

43. On November 27, 2007, Ryan has recorded a valid lien in Kendall County, as document no. 200700034230, against the Earthwork Improvements in the amount of $513,076.41 for mass grading and related work, labor, and materials. A copy of the recorded lien is attached hereto as *Exhibit L* and incorporated herein by reference.

44. On August 25, 2009, the City declared through vote of the City Council that the Bonds "have been or are likely to be the subject of liens or other claims by contractors, subcontractors or third parties" and authorized the City Clerk to demand payment on each of the Bonds.

45. On August 28, 2009, the City served a letter from its City Clerk on the Surety demanding the following payments under the Bonds:

    a.    Bond B9881502754-Mass Grading (Earthwork): $585,303.06; and

    b.    Bond B988151015136-Erosion Control: $1,138.80.

See *Exhibit C*.

46. The language of Bonds B98815012754 and B98815015136 also entitle Plaintiff to reimbursement of attorney fees and court costs incurred in enforcing the Bonds in accordance with their terms.

47. The City has certified that an event of default has occurred under the Bonds and placed demand on the surety for payment, but the Surety continues to refuse to make payment on the same.

48. On June 17, 2009, Principal and Related Principal acknowledged in writing that multiple events of default had occurred and that payment on the Bonds B98815012754 and B98815015136 should be made. *See Exhibit D*.

49. Surety is in breach of its obligations under the Bonds through improperly refusing to pay on the certified demand of the City.

50. Pursuant to 815 ILCS 205/2, Plaintiff is entitled to interest due and owing at the rate of 5% per annum from the time such amounts first became due until judgment is entered.

51. By reason of the foregoing, the City is entitled to recover against the Defendants the sum of $513,076.41 as principal, plus the statutory interest, attorneys' fees and costs.

WHEREFORE, The United City of Yorkville prays that judgment be entered in favor of the City and against the Principal, Related Principal and Surety, in the sum of $513,076.41, plus the statutory interest, attorneys' fees and costs.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a jury trial on all issues so triable.

    Respectfully submitted,

    THE UNITED CITY OF YORKVILLE

    By: /s/ Thomas Gardiner
        One of Its Attorneys

Thomas G. Gardiner, # 6180243
Kathryn Perry Hopkins, # 6294545
Erik Jarmusz, # 6296826
GARDINER KOCH WEISBERG & WRONA
53 W. Jackson Blvd., Suite 950
Chicago, Illinois 60604
Telephone 312.362.0000
Facsimile 312.362.0440